# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BRENDA MARTIE | § | |
| | § | |
| V. | § | CASE NO. 4:06cv274 |
| | § | Judge Don D. Bush |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be REMANDED.

## HISTORY OF THE CASE

Plaintiff filed her present application for DIB on January 7, 2003, claiming entitlement since January 1, 2001, due to general weakness and problems sitting, standing and driving. After an August 22, 2005, administrative hearing, at which Plaintiff was represented by counsel, the ALJ issued a September 10, 2005, decision finding Plaintiff not disabled. In the decision denying benefits, the ALJ observed that Plaintiff's insured status expired on March 31, 2001, and that she needed to demonstrate that her impairments were disabling prior to that date, otherwise she could not become entitled to DIB. The ALJ further found that despite her multiple sclerosis which was not diagnosed until 2002, and her cervical disk disease, Plaintiff retained the ability to perform her past light job as a clerk and was therefore not disabled or entitled to benefits. After a timely filed appeal, the Appeals Council concluded on March 10, 2006, that no basis existed for review of the ALJ's decision. Thus, the ALJ's decision became the final decision of the Commissioner for

purposes of this Court's review pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through March 31, 2001.

2. The claimant did not engage in substantial gainful activity from January 1, 2001 through March 31, 2001.

3. The claimant's early multiple sclerosis and cervical disc disease are considered "severe" based on the requirements. 20 C.F.R. § 40421520(c).

4. These medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 on or before March 31, 2001.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision for the relative period.

6. The claimant had the residual functional capacity for a wide range of light work for the relative period.

7. The claimant's past relevant work as clerk did not require the performance of work-related activities precluded by her residual functional capacity. 20 C.F.R. § 404.1565.

8. The claimant's medically determinable early multiple sclerosis and cervical disc disease do not prevent the claimant from performing her past relevant work.

9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through March 31, 2001. 20 C.F.R. § 404.1520(f).

(TR 32-33).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. 1520(a)(4).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner

has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a). In this case, the determination was made at the fifth step concerning whether Plaintiff demonstrated impairments which prevented her from performing a significant number of light jobs in the economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with her medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

## ANALYSIS

Plaintiff's appeal raises three issues regarding the Commissioner's decision. First, Plaintiff questions generally whether the ALJ's decision was supported by substantial evidence. Second,

Plaintiff questions the appropriateness of the finding that Plaintiff's onset of disability did not occur prior to the last insured date. Third, Plaintiff questions whether the ALJ erred in finding Plaintiff could return to her past work as a clerk or a purchasing agent prior to the last insured date. The Court remands on this issue.

Plaintiff contends that the ALJ erred in finding that Plaintiff could perform her past light work as a clerk or purchasing agent. According to the administrative documents Plaintiff completed in 2003 when she filed for disability, Plaintiff reported that the two jobs she performed since 1978 fit within the light work category. The testimony given by Plaintiff and her husband in 2005 is that her duties were much more exertionally demanding and therefore beyond her abilities. There is also evidence from her former employer that she was required to lift up to 40 pounds. This testimony and her own testimony indicates that she had to lift multiple boxes at the same time. The ALJ's finding on this issue is confusing. In fact, the ALJ states on the record that her job was probably at an exertional level of medium - a job description she could not perform. In a Work History Report from February of 2003, Plaintiff reported that she worked as a purchasing agent from 1978 to 1994, and a front office clerk from 1998 to 1999. (TR 144). Plaintiff's reporting made when she first filed her claim is not entirely inconsistent with the record.

The judgment of the Commissioner is REMANDED on the issue of whether she had the residual functional capacity to perform her last job as well as findings 6-9 of the ALJ's decision.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be REMANDED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on

appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

      **SIGNED this 12th day of September, 2007.**

 

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE